**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4687

PETER SIMPSON, a/k/a Peter Pillings,
a/k/a Clarence Floyd, a/k/a
Diamond,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Robert Earl Maxwell, Senior District Judge.
(CR-95-5)

Submitted: July 8, 1997

Decided: July 23, 1997

Before HALL, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brian J. Murphy, Baltimore, Maryland, for Appellant. William D.
Wilmoth, United States Attorney, Thomas O. Mucklow, Assistant
United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Peter Simpson appeals from a jury verdict convicting him of all eleven counts of an indictment charging him with one count of conspiracy to possess with intent to distribute and to distribute crack in violation of 21 U.S.C. § 846 (1994), four counts of distribution of crack in violation of 21 U.S.C. § 841(a)(1) (1994), five counts of traveling and causing individuals to travel in interstate commerce to facilitate his crack cocaine enterprise in violation of 18 U.S.C. § 1952(a)(3) (1994), and one count of aiding and abetting the maintenance of a crack house in violation of 21 U.S.C.§ 856 (1994). The district court sentenced Simpson to fifty years on the conspiracy count, twenty years on each of the distribution counts and for aiding and abetting the maintenance of a crack house, and five years on each count of traveling in interstate commerce, all to run concurrent to each other and to the conspiracy count.

On appeal, Simpson argues that the district court erred in denying his motion for acquittal seeking dismissal of certain counts of the indictment as multiplicitous and by imposing a two-level enhancement for possession of a firearm under United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) (Nov. 1996). Finding no reversible error, we affirm.

Simpson contends that the district court erred by refusing to dismiss various counts of the indictment in denying his motion for acquittal. He argues that the interstate travel counts subsume the crack house operation and distribution charges because proof of those acts are necessary to prove the interstate travel charges. Simpson also makes temporal challenges to four of the distribution counts because they charge conduct alleged in other charges. During the trial proceedings, Simpson submitted an oral Fed. R. Crim. P. 29(a) motion. The district court denied it. After the conviction on all counts by the

2

jury, Simpson submitted a Fed. R. Crim. P. 29(c) motion. Both Rule 29 motions challenged the multiplicity of the counts of the indictment.

All defenses and objections based upon defects in the indictment must be raised prior to trial. See Fed. R. Crim. P. 12(b). Failure to raise such objections prior to trial constitutes a waiver of those issues except for good cause shown. See Fed. R. Crim. P. 12(f). Simpson's challenge of the multiple count indictment on multiplicity grounds is waived by a failure to raise the issue below prior to trial. See United States v. Price, 763 F.2d 640, 643 (4th Cir. 1985). We therefore decline to reach the issue, as Simpson failed to raise it in a timely manner.

The second issue Simpson raises is that the district court erred by imposing a two-level sentencing enhancement for possessing a firearm during the commission of the offense. Simpson argues that the district court improperly relied upon grand jury testimony that was not in the record in finding that a gun found in his New York apartment was connected to the offense of conviction.

The presentence report (PSR) recommended that a two-level enhancement was warranted under USSG § 2D1.1(b)(1). The probation officer found that Simpson used two members of his crack distribution network, Charles Cox and Debbie Floyd, to purchase firearms on his behalf. Simpson objected to the findings by the probation officer and the district court thoroughly reviewed the objection to the enhancement at the sentencing hearing.

At the sentencing hearing the Government offered the testimony of the investigating Federal Bureau of Investigation case agent, J.C. Raffety, as factual support for the enhancement. Agent Raffety testified that Debbie Floyd revealed to him during an interview that she had been involved in purchasing firearms at the request of Simpson and that it was her understanding that the money to pay for the purchase on at least one occasion came from proceeds from the sale of drugs. Agent Raffety testified that he also discussed the firearm purchases with Charles Cox. Cox told Raffety that he had purchased several firearms for Simpson. Raffety was able to trace one such purchase by

3

Cox of a Glock 19 firearm from a West Virginia pawn shop to a firearm recovered in New York when Simpson was arrested.

The district court stated that it was imposing the enhancement based upon Agent Raffety's testimony and the grand jury testimony of Charles Cox. Neither the Government nor the Defendant entered the transcript of the grand jury proceedings as an exhibit.

The district court's factual findings are reviewed under the clearly erroneous standard, while its interpretation of guideline terms is reviewed de novo. See United States v. Daughtrey , 874 F.2d 213, 217 (4th Cir. 1989).

We find that the district court's factual finding that Simpson possessed firearms in relation to the conspiracy charge is not clearly erroneous. Agent Raffety's testimony alone is enough to support the district court's conclusion. In addition, the district court is permitted to consider any relevant information regardless of whether the evidence would be admissible under the Federal Rules of Evidence. See USSG § 6A1.3(a); United States v. Roberts , 881 F.2d 95, 106 (4th Cir. 1989).

We deny the Government's motions to supplement the record and file a supplemental appendix including the grand jury testimony because the supplemental information is not necessary to decide this case. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4